UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DERRICK R. SMITH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-111-JMB |
| | ) | |
| JEFFREY S. MCCOLLUM | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Derrick R. Smith, an inmate at Northeast Correctional Center ("NECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

### 28 U.S.C. § 1915(g)

Title 28 U.S.C. § 1915(g) provides that a prisoner may not bring a civil action in forma pauperis if "on 3 or more prior occasions, . . . [the prisoner has] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Although plaintiff has filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim, the Court will grant plaintiff's application to proceed in the district court without prepaying fees or costs because it

finds plaintiff has alleged facts sufficient to show he is in imminent danger of serious physical injury.[1]

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an application to proceed in the district court without prepaying fees or costs. A review of plaintiff's application indicates an average monthly deposit of $8.50. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under 42 U.S.C. § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must

---

[1] *See Smith v. Birtch*, No. 1:16-CV-223-ACL at n.1 (E.D. Mo. Sept. 9, 2016) (listing plaintiff's prior cases dismissed under 28 U.S.C. § 1915(e)).

demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Complaint**

Plaintiff brings this 42 U.S.C. § 1983 action against defendant Jeffrey S. McCollum for violation of plaintiff's Eighth Amendment right to be free of cruel and unusual punishment. Plaintiff states that on October 8, 2018, he underwent a tonsillectomy and surgery to remove oral cancer. He then underwent chemotherapy and radiation treatment at Jefferson City Correctional Center ("JCCC"). During this course of this treatment, he was unable to eat or swallow foods or liquids because of pain in his mouth that induced vomiting.

From October 8, 2018 through November 26, 2018, while at JCCC, plaintiff received a daily saline drip for hydration "with a means for compensation for lack of foods unable to be

eaten," which the Court will assume was intravenous feeding. Plaintiff states he has lost over fifty pounds because of his inability to eat "due to blockage in his mouth that [makes him unable] to swallow liquids or foods and or medication."

Plaintiff was released from the JCCC medical unit to NECC on approximately November 28, 2018. He remained in the transitional care unit overnight until Dr. McCollum saw him on November 29, 2018. Plaintiff states that he told Dr. McCollum that he was unable to swallow foods and that he had been placed in intravenous saline drip for food, hydration, and medicine while at JCCC. Plaintiff states Dr. McCollum prescribed plaintiff Tramadol for pain, and released him back to the general population "with no follow up for a daily saline drip or any means to help with injury to mouth that stops me from eating and drinking."

Plaintiff states that he has been unable to eat or drink anything "for the past ten days and counting. Dr. McCollum is depriving me of basic human need, and the right to medical care, which is ongoing and current."

**Discussion**

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that the defendant actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

Upon careful review, plaintiff's allegations that defendant McCollum is not providing intravenous fluids, food, and medication to plaintiff following surgery and treatment for oral cancer state a plausible claim for deliberate indifference to a serious medical need. The Court

will order the Clerk of Court to issue process or cause process to issue on plaintiff's complaint against defendant Dr. Jeffrey S. McCollum.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with Corizon, as to Jeffrey S. McCollum in his individual capacity.

Dated this 13th day of December, 2018.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE