UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DERRICK R. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18 CV 111 JMB |
| | ) | |
| JEFFREY S. MCCOLLUM, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Derrick Smith's Motion to Stay Proceedings (ECF No. 14). Plaintiff asks the Court to allow him to complete administrative exhaustion and stay his case until the grievance process has been completed.[1]

Plaintiff's request that this Court stay this action in order to allow him to exhaust his administrative remedies is precluded by the requirement under the Prisoner Litigation Reform Act ("PLRA") that an inmate exhaust all administrative remedies prior to commencing a federal action. 42 U.S.C. § 1997 (e)(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); accord Porter v. Nussle, 534 U.S. 516, 524, 532 (2002) (holding that the expanded exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some

---

[1] Plaintiff's reliance on unidentified Supreme Court cases is misplaced. Plaintiff's "lack of knowledge of the applicable law cannot circumvent the PLRA exhaustion requirement." Hontz v. Berks County Prison, 2014 WL 1123376, at*6 (E.D.Penn. March 21, 2014). See also Twitty v. McCoskey, 226 Fed. Appx. 594, 596 (7th Cir. 2007) ("A prisoner's lack of awareness of a grievance procedure, however, does not excuse compliance.").

1

other wrong.")  The PLRA's exhaustion requirement must be satisfied at the time the complaint is filed.  Kearsey v. Williams, 2002 WL 1268014, at *2 (S.D.N.Y. Apr. 29, 2002).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay Proceedings (ECF No. 14) is Denied.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this day 28th of February, 2019.