# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| DERRICK R. SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:18-CV-111-JAR |
| JEFFREY S. MCCOLLUM, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following reassignment to the undersigned Judge. Pending before the Court are (1) plaintiff's motion to appoint counsel; (2) defendant's motion to dismiss for failure to exhaust administrative remedies; and (3) plaintiff's pro se "Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order."

Plaintiff's motion to appoint counsel will be denied at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. The Court will

deny plaintiff's motion for appointment of counsel without prejudice to refiling as the case progresses.

On February 11, 2019, defendant Jeffrey S. McCollum filed a motion to dismiss for failure to exhaust administrative remedies. Plaintiff sought, and the Court granted, an extension of time until April 26, 2019 to respond to defendant's motion to dismiss. *See* ECF No. 13 (Docket Text Order). Defendant shall file his reply brief, if any, within seven days of plaintiff's filing of his response.

Finally, on April 8, 2019, plaintiff filed a pro se "Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order," which the Court will construe as a motion for a temporary restraining order and preliminary injunction. *See* ECF No. 16. Plaintiff states that as recently as March 22, 2019, he has been denied chronic care pain medication for his lower spine and "discontinued chronic care medication for cancer related surgery removal of tonsil on left side of mouth and soft palate, both doctor's and nurse's persistence in a course of treatment known to be ineffective." *Id.* at 2. Plaintiff also states that he has lost more than fifty pounds, suffers from severe dehydration, and was admitted to the infirmary to be placed on a saline drip three times per day. He states defendant's refusal to continue the pain medication regiment prescribed by other doctors is causing him "excruciating pain" and exposing him to further injuries. He seeks an order "directing defendant to continue the medication regiment once prescribed."

The Court will order defendant to respond to plaintiff's motion for temporary restraining order and preliminary injunction by April 17, 2019.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to appoint counsel **DENIED without prejudice**. [ECF No. 9]

**IT IS FURTHER ORDERED** that as stated in the Court's Docket Text Order issued February 26, 2019 (ECF No. 13), plaintiff shall, by **April 26, 2019,** file his response to defendant's motion to dismiss.

**IT IS FURTHER ORDERED** that defendant shall, by **April 17, 2019**, file his response to plaintiff's motion for temporary restraining order and preliminary injunction.

Dated this 11th day of April, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE