# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| DERRICK R. SMITH, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-CV-111-JAR |
| | ) |
| JEFFREY S. MCCOLLUM, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon defendant Jeffrey S. McCollum, M.D.'s motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The matter is fully briefed and ready for decision. For the following reasons, defendant's motion will be granted.

### I. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *id.* at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In addition, all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

## II. Background

On December 11, 2018, plaintiff, an inmate at Northeast Correctional Center ("NECC"), filed this 42 U.S.C. § 1983 civil rights complaint against Dr. McCullum for violation of plaintiff's Eighth Amendment right to be free of cruel and unusual punishment. Plaintiff states that on October 8, 2018, he underwent a tonsillectomy and surgery to remove oral cancer. He then underwent chemotherapy and radiation treatment at Jefferson City Correctional Center ("JCCC"). During the course of this treatment, he was unable to eat or swallow foods or liquids because of pain in his mouth that induced vomiting.

From October 8, 2018 through November 26, 2018, while at JCCC, plaintiff received a daily saline drip for hydration "with a means for compensation for lack of foods unable to be eaten," which the Court assumes was intravenous feeding. Plaintiff states he has lost over fifty pounds because of his inability to eat "due to blockage in his mouth that [makes him unable] to swallow liquids or foods and or medication."

-2-

Plaintiff was released from the JCCC medical unit to NECC on approximately November 28, 2018. He remained in the transitional care unit overnight until Dr. McCollum saw him on November 29, 2018. Plaintiff states that he told Dr. McCollum that he was unable to swallow foods and that he had been placed on an intravenous saline drip for food, hydration, and medicine while at JCCC. Plaintiff states Dr. McCollum prescribed plaintiff Tramadol for pain, and released him back to the general population "with no follow up for a daily saline drip or any means to help with injury to mouth that stops me from eating and drinking." At the time of filing, plaintiff stated that he had been unable to eat or drink for ten days.

On December 13, 2018, the Court conducted an initial review of plaintiff's § 1983 complaint under 28 U.S.C. § 1915(e), and determined that plaintiff had stated a plausible claim for deliberate indifference to a serious medical need. The Court noted that plaintiff was a "three striker" under the provisions of 28 U.S.C. § 1915(g), but granted plaintiff's application to proceed in the district court without prepaying fees or costs because it found plaintiff had alleged facts sufficient to show he was in imminent danger of serious physical injury. *See* ECF No. 4. The Court ordered process to issue against Dr. McCollum.

Defendant McCollum has filed the instant motion to dismiss, stating that plaintiff had not exhausted his administrative remedies pursuant to the prisoner litigation reform act ("PLRA") before filing his civil rights complaint, and therefore his complaint should be dismissed under Rule 12(b)(6). Although typically an affirmative defense of exhaustion under the PLRA requires the Court to consider materials outside the pleadings, here defendant asks the Court to consider only the exhibits plaintiff attached to his own complaint. Plaintiff attached to his complaint an informal resolution request ("IRR") dated August 29, 2018, a response to that IRR dated October 1, 2018, and an incomplete and undated and IRR that was never received by NECC. *See* ECF No. 1-3.

-3-

Under Federal Rule 10(c), a these documents attached as exhibits to plaintiff's complaint are adopted as part of the complaint for all purposes. Because the Court is not considering matters outside the pleadings, the Court need not consider defendant's motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d). Rather, the case may be decided on defendant's motion to dismiss.

### III. Discussion

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (holding that exhaustion is mandatory). To properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218 (2007). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

For a Missouri inmate to satisfy the exhaustion requirement, he must avail himself of the three-step process outlined in the Missouri Department of Corrections Manual, under section D5-3.2, which requires an inmate begin by (1) filing an IRR and if unsatisfied with the IRR response, the inmate must (2) file an offender grievance form within seven days after they sign the IRR response. If still unsatisfied after these first two steps, to fully exhaust their administrative remedies, the inmate must (3) file a grievance appeal. *See Missouri Dep't of Corr. Offender Rulebook*, 66-68.[1]

---

[1] The Court takes judicial notice of the Missouri Department of Corrections Offender Rulebook, publicly available at https://doc.mo.gov/sites/doc/files/2018-01/offender-rulebook-9-12-14.pdf . *See Stahl v. U.C. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("[A] district court may take

-4-

Plaintiff attaches to his complaint one IRR dated August 29, 2018. This IRR predates any of the conduct complained of by plaintiff in his instant complaint. In fact, the attached IRR involves a completely different complaint brought by plaintiff against Dr. McCollum, one arising out of defendant's response to plaintiff's spinal pain. "Dr. McCollum has violated my rights pursuant to the A.D.A., R.A., Constitution, and Missouri Human Rights Act by ... interfering with prescribed treatment ... for spinal pain relief." *See* ECF No. 1-3 at 2. This IRR was investigated and responded to by the staff of NECC prior to plaintiff's October 8, 2018 tonsillectomy at JCCC and prior to his subsequent treatment by Dr. McCollum at NECC on November 29, 2018.

In response to defendant's motion to dismiss, plaintiff does not address the PLRA's exhaustion requirement. Rather, plaintiff states that under Title II of the Americans with Disabilities Act, he is not required to exhaust administrative remedies. *See* ECF No. 22. Plaintiff's argument is without merit. Plaintiff makes no allegations in his civil rights complaint, which is expressly brought under 42 U.S.C. § 1983, that Dr. McCollum has violated any provision of the ADA. In addition, government officials cannot be sued in their individual capacities directly under provisions of the ADA Title II, which bars public entity discrimination. *See Alsbrook v. City of Maumelle, Ark.*, 184 F.3d 999, 1011-1012 (8th Cir. 1999).

Plaintiff's instant complaint alleges only that on November 29, 2018, "Dr. McCollum ordered pain medication Tramadol to be taken and released me from the [transitional care unit] with no follow up for a daily saline drip or any means to help with injury to mouth that stop[s] me from eating and drinking." As to this complaint, plaintiff has not properly exhausted administrative remedies at NECC and has not completed the administrative review process in

---

judicial notice of public records and may thus consider them on a motion to dismiss.")

-5-

accordance with the applicable procedural rules as required by the PLRA. The Court will grant Dr. McCollum's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Jeffrey S. McCollum, M.D.'s motion to dismiss is **GRANTED**. [ECF No. 10]

**IT IS FURTHER ORDERED** that plaintiff's "order to show cause for a preliminary injunction and temporary restraining order" is **DENIED as moot**. [ECF No. 16]

An order of dismissal will accompany this memorandum and order.

Dated this 12th day of September, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE